## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO.: 4:04CV-184-M**

| | |
|---|---|
| **CAROLYN SHAWNA MCDANIEL** | **PLAINTIFF** |
| **vs.** | |
| **CITY OF OWENSBORO AND/OR**<br>**OWENSBORO METROPOLITAN**<br>**PLANNING COMMISSION;**<br>**CITY OF WHITESVILLE; AND**<br>**DAVIESS COUNTY, KENTUCKY** | **DEFENDANTS** |

## MEMORANDUM ORDER AND OPINION

This matter is before the Court pursuant to a Motion to Dismiss [DN 15] filed by the Defendants.  The Plaintiff, Carolyn McDaniel, filed an action in District Court claiming violations of the Family Medical Leave Act.  Defendants have filed this Motion to Dismiss, arguing that because Plaintiff has failed to exhaust the alternative dispute resolution process pursuant to an employment agreement, her claim is not yet actionable in federal court.  Because the Court agrees that Plaintiff is required to mediate her claim prior to filing suit in District Court, federal proceedings are STAYED pending mediation.

### I.  FACTS

Plaintiff, Carolyn McDaniel, is a former at-will employee of the Owensboro Metropolitan Planning Commission ("OMPC").  Approximately three years after she was hired, the OMPC decided to participate in the Kentucky League of Cities voluntary

mediation program.  All employees of the OMPC were presented with a mediation

agreement.  McDaniel represents that the signing of the agreement was mandatory;

OMPC contends that it was a voluntary program.  Regardless, McDaniel admits that she

signed the agreement.

     According to the affidavit of Gary Noffsinger, the Director of the OMPC, he

distributed the agreement along with a explanation sheet entitled, "Kentucky League of

Cities Insurance Service, Alternative Dispute Resolution Program, Frequently Asked

Questions."  McDaniel does not specifically contest that this explanation sheet was

presented, but generally contends that no explanation of the agreement was provided.

Noffsinger also submits that although the employees were not required to sign the

agreement on the day that the material was distributed, all employees did so save one,

who desired additional time to study the agreement.  That employee signed the agreement

six days later.  McDaniel claims that she was not given the opportunity to discuss the

document, take it out of the office, or retain a copy of the document prior to signing.

     The signed document provided:

> I agree that before filing suit in any Federal, State, or Administrative Court
> for any claim, dispute, or controversy arising out of or relating to my
> employment with the Owensboro Metropolitan Planning Commission, I
> will, in good faith, participate in a mediation process designed to explore
> potential solutions to those problems.  I recognize that this agreement
> encompasses my application for employment, termination of employment,
> and all other present, future, and previously unasserted claims as an
> employee-at-will and does not affect my right to bring suit if my employer
> and I are unable to reach a satisfactory agreement through mediation.
> However, I also understand that compliance with the terms of this
> agreement is a prerequisite in obtaining jurisdiction in any Federal, State, or

Administrative Court....

McDaniel has not participated in mediation prior to filing this suit.

## II. DISCUSSION

McDaniel has raised two primary arguments with respect to the enforceability, or lack thereof, of the mediation agreement. First, McDaniel contends that OMPC has waived any rights to compel arbitration. Second, McDaniel contends that the mediation agreement is unenforceable due to a lack of consideration and unconscionability. The Court will address each in turn.

### 1.      Waiver and Estoppel

The Court finds that OMPC has not waived its contractual rights to compel mediation under the agreement. McDaniel has asserted that because OMPC "never raised [mediation] [] before termination, [and] never raised it at administrative hearings," OMPC has effectively waived the ability to compel McDaniel to arbitrate now. The Court disagrees. After McDaniel's termination, she applied for unemployment benefits with the state. OMPC appealed the determination of benefits, claiming that McDaniel was terminated for misconduct. A hearing on the benefit award was held and McDaniel prevailed.

A claim for unemployment benefits is an administrative claim, not a "suit" as contemplated by the mediation agreement. In Kentucky, unemployment compensation proceedings "are not res judicata and do not give rise to a claim of offensive collateral estoppel with respect to subsequent judicial proceedings arising out of the same incident."

3

Berrier v. Bizer, 57 S.W. 3d 271, 280-81 (Ky. 2001) (citing Board of Education of

Covington v. Gray, 806 S.W.2d 400 (Ky.App. 1991).  It is irrelevant that both parties

were represented by counsel at the administrative hearings.

McDaniel has also suggested that OMPC had an obligation to initiate mediation

prior to McDaniel's termination, or "arm[] [McDaniel] with mediation materials at her

exit interview."  This argument defies logic.  McDaniel was an at-will employee.  As an

at-will employee, she could be terminated for any reason at all, as long as her discharge

did not violate any statutory or constitutional proscription.  Wymer v. JH Properties, Inc.,

50 S.W.3d 195, 198 (Ky. 2001).  OMPC did not have a burden to mediate McDaniel's

prospective termination or provide her with mediation materials at the exit interview.  If

McDaniel had not contested her termination, there would be nothing to mediate.  In the

present action, OMPC has timely raised the issue of mediation.  Accordingly, OMPC did

not waive its contractual right to compel McDaniel to mediate.

### 2.    Lack of Consideration and Unconscionability

McDaniel also contends that the mediation agreement is unenforceable because the

agreement lacked consideration and was unconscionable.  The Court disagrees.  The

enforceability of mediation agreements are treated very similarly to arbitration

agreements.  See Fisher v. GE Medical Systems, 276 F.Supp.2d 891, 893 (M.D.Tenn.,

2003); See also C.B. Richard Ellis, Inc. v. American Env'tal Waste Management, No.

98-CV-4183, 1998 WL 903495, at *2 (E.D.N.Y.1998).  Courts must determine the

enforceability arbitration agreements according to applicable state law.  First Options of

4

Chicago, Inc. v. Kaplan, 514 U.S. 938, 943-44 (1995). Generally, only applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability may invalidate arbitration agreements.  Walker v. Ryan's Family Steak Houses, Inc. 400 F.3d 370, 376 (6th Cir. 2005).

Typically, an arbitration or mediation agreement binds both the employer and the employee to an alternative dispute resolution program.  Here, the mediation agreement bound the employee, but not the employer.  OMPC contends that this fact is unimportant because signing the mediation agreement was voluntary and McDaniel was an at-will employee.  As the Court agrees that McDaniel's status as an at-will employee precludes her consideration argument, the Court does not need to determine whether agreeing to the mediation program was voluntary.

The Sixth Circuit and Kentucky courts have not specifically addressed whether continued employment for an at-will employee constitutes sufficient consideration to render an arbitration or mediation agreement binding.  Nevertheless, other courts have found that for an at-will employee, continued employment serves as sufficient consideration for arbitration or mediation agreements.  See Fischer v. GE Medical Systems, 276 F.Supp.2d 891 (M.D. Tenn. 2003); Tinder v. Pinkerton Security, 305 F.3d 728 (2002).  In employment agreements involving non-competition clauses, Kentucky courts have found that continued employment serves as sufficient consideration for at-will employees.  In Higdon Food Service, Inc. v. Walker, the Kentucky Supreme Court addressed a non-competition clause that was imposed on an at-will employee in a new,

superceding employment arrangement.  641 S.W.2d 750 (Ky. 1982).  The court found

that, "[t]he hiring itself (or rehiring, if one prefers that word) was sufficient consideration

for the conditions agreed to by [the employee].  It makes no difference that [the employer]

could have discharged him the next day.  The point is that it did not have to hire him-- or

keep him on--at all."  Id. at 751.

McDaniel cites George F.Shadeh v. Circuit Stores, Inc., 334 F.Supp.2d 938

(W.D.Ky., 2004) for the proposition that the mediation agreement is unconscionable.

Specifically, McDaniel argues that she was not given sufficient time to review the

agreement, thereby rendering the contract unconscionable.  The Court disagrees.  In the

Sixth Circuit, unconscionability has been analyzed utilizing two components, both of

which must be present:  (1) substantive unconscionability, i.e., unfair and unreasonable

contract terms, and (2) procedural unconscionability, i.e., individualized circumstances

surrounding each of the parties to a contract such that no voluntary meeting of the minds

was possible.  Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 666 (6th Cir. 2003)

(applying Ohio law); Shadeh, 334 F.Supp.2d at 940 (applying Morrison to a Kentucky

arbitration agreement).

Here, the mediation agreement is not substantively unconscionable.  First, the

agreement does not limit or foreclose any of Plaintiff's remedies which might currently be

available under state or federal law.  Second, the agreement does not make mediation a

final and binding resolution.  The agreement states that it, "does not affect [the

employee's] right to bring suit if my employer and I are unable to reach a satisfactory

agreement through mediation."  Finally, the "frequently asked questions" explanation sheet explains that the Kentucky League of Cities Insurance Service pays for the mediator, not McDaniel. Accordingly, there does not appear to be a prohibitive cost to mediation.  As the mediation agreement is not substantively unconscionable, it is unnecessary to consider procedural unconscionability.

### III.  CONCLUSION

For the foregoing reasons, the McDaniel must mediate her claim before filing in federal court.  Defendants have moved to dismiss McDaniel's suit, or in the alternative, to stay the action pending appropriate mediation.  The appropriate remedy under this circumstance is a stay of the pending action.  9 U.S.C. § 3;  See Shadeh, 334 F.Supp.2d at 944.

Accordingly, IT IS HEREBY ORDERED that federal proceedings are stayed pending McDaniel's submission of her claims to mediation.

cc:  counsel of record
McDaniel/4-4cv184mMotDismiss-grant

7