UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04-CV-184-M

**CAROLYN SHAWNA MCDANIEL**                                        **PLAINTIFF**

**v.**

**CITY OF OWENSBORO AND/OR
OWENSBORO METROPOLITAN PLANNING
COMMISSION; CITY OF WHITESVILLE; AND
DAVIESS COUNTY, KENTUCKY**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions for summary judgment by Defendants, Owensboro Metropolitan Planning Commission ("OMPC"), the City of Owensboro, the City of Whitesville, and Daviess County ("the government defendants") [DN 32 & DN 33]. Fully briefed, this matter stands ripe for decision. For the reasons set forth below, the motion by the Defendants for summary judgment is **GRANTED.**

### I. BACKGROUND

Plaintiff, Carolyn McDaniel ("McDaniel"), brought this action against OMPC and the government defendants alleging that they violated the provisions of the Family and Medical Leave Act, 29 U.S.C. §2611, et seq. ("FMLA"), when OMPC Director Gary Noffsinger terminated her employment for excessive absenteeism. McDaniel claims she was terminated for exercising her FMLA rights and is entitled to punitive damages resulting from OMPC's violation of the FMLA. OMPC and the government defendants agree that OMPC terminated

McDaniel for excessive absenteeism, but maintain OMPC is not an employer as defined under the FMLA.

McDaniel was employed as an at-will employee by OMPC from January 10, 2000 to July 22, 2004. The OMPC is a joint planning commission formed by the government defendants under the provisions for such entities under KRS §§ 100.133 - 100.182. The government defendants' involvement with OMPC is limited by KRS §§ 100.133 - 100.182 to providing some funding, assigning a proportionate share of its board, and assigning it tasks of urban renewal, public housing, and community development. The planning commission itself employs any necessary staff. KRS § 100.173. By statute, OMPC must elect its own officers, adopt its own bylaws and run its internal affairs apart from the government defendants. KRS § 100.161. OMPC itself employed no more than 17 persons within the four years of McDaniel's tenure at OMPC. OMPC had its own medical leave policy which left decisions on leave to the discretion of the OMPC director.

FMLA provisions apply only to employers who employ over 49 employees. 29 U.S.C. §2611(2)(B)(ii). Because OMPC never employed over 49 employees and was McDaniel's only employer, OMPC and the government defendants moved for summary judgment. Plaintiff never refuted that OMPC was her employer, but argues the OMPC and the government defendants are a single entity for purposes of FMLA.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). While circumstances surrounding McDaniel's employment history and termination are somewhat disputed, the material facts necessary for the applicability of the FMLA are undisputed, and the Court reviews only these facts.

### III. DISCUSSION

The FMLA protects "eligible employees" from losing their jobs when on medical leave. See 29 U.S.C. § 1266(2)(B). The FMLA's provisions protect employees of both public agencies and private employers. However, FMLA excludes employers who employ less than fifty employees by stating that the term "eligible employee" does not include . . .

> (ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 1211(2)(B). Also, the Code of Federal Regulations which contain the regulations that enforce the FMLA states that to be eligible for FMLA protections employees of public agencies, "must meet all requirements of eligibility, including the requirement that the employer (e.g., State) employ 50 employees at the worksite or within 75 miles." 29 C.F.R. § 825.108(d). At all relevant times OMPC employed less than 50 workers. McDaniel

alleges her employer was not only OMPC but also the government defendants to which OMPC reports, from which it attains part of its funding, and from which its board is appointed. In the alternative, McDaniel argues that OMPC adopted the City of Owensboro's FMLA policy at some point during McDaniel's tenure.

On the issue of whether OMPC and the government defendants may be considered joint employers for purposes of FMLA, 29 C.F.R. § 825.108(c)(1) states:

> A State or a political subdivision of a State constitutes a single public agency and, therefore, a single employer for purposes of determining employee eligibility. For example, a State is a single employer; a county is a single employer; a city or town is a single employer. Where there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census' "Census of Governments" will be determinative, except for new entities formed since the most recent publication of the "Census." For new entities, the criteria used by the Bureau of Census will be used to determine whether an entity is a public agency or a part of another agency, including existence as an organized entity, governmental character, and substantial autonomy of the entity.

29 C.F.R. § 825.108(c)(1).

McDaniel urges the Court to look at the "Census of Governments" to see if OMPC is an independent public entity pursuant to 29 C.F.R. § 825.108(c)(1). "Under § 825.108(c)(1) . . . a court should examine state law before referring to the Census." Rollins v. Wilson County Gov't, 154 F.3d 626, 629 (6th Cir. 1998). Therefore, "a court should decide the status of the governmental entities based on state law if state law definitively resolves the issue." Id. Kentucky state law clearly shows that planning commissions created pursuant to KRS § 100.133 are separate entities from the regional city and county

governments they serve. The mayors and county judge-executives that appoint a commission's members are not allowed to appoint themselves. 1982 Ky. Op. Att'y Gen. 2-106 (1982). County officers cannot limit the terms for a planning commission's members. 1985-87 Ky. Op. Att'y Gen. 2-122 (1985). The commission must create its own by-laws, separate and apart from municipality or county government. KRS § 100.167. While each municipality and county within a regional planning commission may contribute to a planning commission's budget, the commissions are not limited to such funding and can acquire monies to operate from any legal source. KRS § 100.177. A commission can employ its own staff and hire independent contractors to do its work. KRS § 100.173.

OMPC's director employed his own staff. While OMPC received funding for its operations from all of the government defendants, OMPC had its own payroll, own personnel policy, and own insurance policies. By virtue of statutory construction and its independent mission, OMPC is a separate public entity than the government defendants.

In an alternative argument, McDaniel alleges that she was given the City of Owensboro's personnel policy which included FMLA protection while employed at OMPC. McDaniel submitted no affidavits or other admissible evidence that OMPC adopted the city of Owensboro's personnel policies. On the other hand, OMPC offered an affidavit that showed that the OMPC personnel policy differed from that of the city of Owensboro's personnel policy. McDaniel offered no evidence to contradict OMPC's affidavit. McDaniel therefore is not an "eligible employee" under the FMLA and cannot be afforded its protections.

```
```

## IV. CONCLUSION

For the reasons set forth above, the motions by the Defendants for summary judgment [DN 32 & DN 33] are **GRANTED.**

**CC: Counsel of Record**
U:\documents\McDaniel404cv184.wpd